THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* MIGUEL RODRÍGUEZ VÁZQUEZ, Defendant and Apellant.

No. 10033.   Argued June 17, 1943.—Decided November 1, 1943.

*José R. Fournier* for appellant.   *R. A. Gómez, Prosecuting Attorney (Fiscal),* and *Luis Negrón Fernández, Assistant Prosecuting Attorney,* for appellee.

MR. JUSTICE TODD, JR., delivered the opinion of the court.

The appellant was convicted by the District Court of Bayamón of aggravated assault and battery and sentenced to ten months in jail.   The aggravating circumstance alleged in the information consisted in that "the wounds inflicted are of a serious nature," and the only error assigned by the appellant is that no such aggravating circumstance was proved at the trial.

It was shown by the prosecution that the defendant inflicted two wounds on Antonio Pérez with a sharp weapon— the nature of which was not proven as the same was not seized—one on the arm and the other on the left side of his body, which were treated in the district hospital, but where he was not confined as he returned to his home on the same day.

The evidence which somewhat tended to show the nature of the wounds was the statement of a policeman who said, on examination by the judge, that the wound on the left side was of "a serious nature."   The defendant moved to strike out such conclusion but the motion was denied by the court.

It also appears that Pérez exhibited to the judge the scars of the wounds.

Although it is a fact that the defendant failed to take exception to the ruling of the court denying his motion to strike, we think that the mere testimony of a policeman as to the nature of one of the wounds, uncorroborated by expert or other testimony, is a mere conclusion insufficient to establish the aggravating circumstance charged in the instant case. Nor can it be conclusively maintained that the aspect of a scar is in itself sufficient to prove such allegation. In *People* v. *Fonseca*, decided on July 31, 1943 (*ante*, p. 413), we have discussed the same question at greater length. In the case at bar the evidence was even weaker than in that of Fonseca, as the nature of the weapon used was not shown and also by reason of the objection by the defendant to the statement of the policeman.

The judgment rendered by the court below must be modified so as to convict the defendant of simple assault and battery and to sentence him to the payment of a $50 fine or in default thereof to one day in jail for every dollar of the fine left unpaid, and thus modified the same shall be affirmed.

Mr. Justice Snyder did not particiapte herein.